NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ASSEM A. ABULKHAIR, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 08-CV-05410 (DMC) |
| GEORGE W. BUSH, President of the United States of America *et al*, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Application by *pro se* Assem A. Abulkhair ("Plaintiff") requesting the Court to determine or remand Plaintiff's N-400 Application for Naturalization pursuant to 8 U.S.C. § 1447(b); and upon Complaint by Plaintiff for $100,000 in damages, punitive damages, reasonable legal fees and costs.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard.  After carefully considering Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's Application is **denied**; Plaintiff's Complaint for monetary damages, legal fees and costs are **dismissed** for lack of subject matter jurisdiction and pursuant to sovereign immunity.

I.  **BACKGROUND**

Plaintiff was born in Egypt and became a permanent resident of the United States on February 13, 1997.  Plaintiff submitted a Form N-400 Application for Naturalization on September 20, 2001.  On November 6, 2001, the Immigration and Naturalization Services ("INS") now known as the United States Citizenship and Immigration Services ("USCIS") returned Plaintiff's premature

Application and informed him that he would not be eligible for naturalization until November 14, 2001. On November 29, 2001, Plaintiff re-filed for naturalization.

On September 15, 2008, seven (7) years after Plaintiff first filed for naturalization, the government denied his Application for citizenship. During the pendency of his Application, Plaintiff attended several interviews and made numerous inquires into the status of his Application. Plaintiff was continually told that his Application was pending standard security clearance.

Plaintiff asserts that the government has violated his Fifth Amendment rights, his rights under the Administrative Procedures Act at 5 U.S.C. § 701, and his rights under 8 U.S.C. § 1447(b) due to the government's failure to make a determination within 120 days of his initial examination. Plaintiff also argues that his "Civil Rights, Equal Rights and [his right to] Equal Protection Under the Law" have been violated.

**II.  DISCUSSION**

    **A.  PLAINTIFF'S 8U.S.C. §1447 (b) CLAIM**

8 U.S.C. § 1447(b) provides:

> If there is a failure to make a determination under section 335 [8 USCS § 1447] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) provides the Court with Jurisdiction to determine or remand to the USCIS, Applications for Naturalization once 120 days have passed since the applicants initial interview.

Here, Plaintiff alleges that the government unduly delayed the determination of his Application for citizenship because he is Moslem. Plaintiff, because of the significant dely in the disposition of his application seeks reversal of the USCIS's denial. Plaintiff is correct to

complain that the USCIS did not comply with 8 U.S.C. § 1447(b).  This notwithstanding, Plaintiff waited until the USCIS has made a determination to seek relief from the Court under 8 U.S.C. § 1447(b).  As a result, Plaintiff's Application is moot and it would be inappropriate at this stage for the Court to make a determination or remand the matter to the USCIS for failure to comply with  8 U.S.C. § 1447(b).  Perry v. Gonzales, 472 F. Supp. 2d 623, 628 (D.N.J. 2007).

Under Article III of the Constitution, the Court "lacks subject matter jurisdiction over a dispute that is moot." Vestcom Int'l, Inc. v. Chopra, 114 F.Supp.2d 292, 296 (D.N.J. 2000). Mootness is a jurisdictional issue that "a federal court must resolve before it assumes jurisdiction." North Carolina v. Rice, 404 U.S. 244, 246 (1971).  Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Plaintiff has slept on his rights to pursue relief under 8 U.S.C. § 1447(b).  Moreover, the Court cannot exercise appellate review of this matter under 8 U.S.C. § 1421(c) because Plaintiff has not exhausted his administrative remedies namely, his right to appeal to an administrative officer under 8 U.S.C. § 1447(a).  Therefore, this Court cannot consider Plaintiff's Application for Naturalization at this time and it is too late for the Court to remand the matter to the USCIS.

**B.**     **PLAINTIFFS CLAIMS FOR MONEY DAMAGES, LEGAL FEES, AND COSTS**

Plaintiff inappropriately asserts that he has suffered the specific amount of $100,000 in unliquidated damages, in direct contravention of L.Civ. R. 8.1.  See Stuart v. Gambling Times, Inc., 534 F. Supp. 170, 171 n.2 (D.N.J. 1982).  Plaintiff additionally seeks punitive damages, reasonable legal fees and costs under the Equal Access to Justice Act, 5 U.S.C. §504 and 28

U.S.C. § 2412.  Plaintiff asserts several constitutional and statutory claims presumably as grounds to justify his request for money damages, punitive damages, legal fees and costs.

Plaintiff's inappropriate pleading of a specific amount of damages is the least of the flaws in his complaint.  The facts as alleged by Plaintiff demonstrate that the Court lacks jurisdiction to adjudicate Plaintiffs Constitutional and statutory claims.  To the extent that Plaintiff is attempting to bring a tort action against the United States and/or any agencies of the United States, the Court lacks jurisdiction because Plaintiff failed to first present his claim to the appropriate federal agency as required by the Federal Tort Claims Act ("FTCA") at 28 U.S.C. §§ 2401(b) and 675(a).  In addition, Plaintiff failed to name the United States as a defendant which is the only possible defendant to a claim governed by the FTCA.  28 U.S.C. § 2679 (b)(1).

To the extent that Plaintiff is attempting to assert claims under <u>Bivens</u>, these claims must be dismissed because Plaintiff's Complaint appears to name Defendants in their official capacities only.  <u>Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  "An action against government officials in their official capacities constitutes an action against the United States; and <u>Bivens</u> claims against the United States are barred by sovereign immunity, absent an explicit waiver."  <u>Huberty v. United States Ambassador to Costa Rica</u>, 2008 U.S. App. LEXIS 18072, *3 (3d Cir. Aug. 21, 2008) (citing <u>FDIC v. Meyer</u>, 510 U.S. 471, 483 (1994); <u>Jaffee v. United States</u>, 592 F.2d 712, 717 (3d Cir. 1979)).

Plaintiff cannot pursue money damages before this Court until he first complies with the procedural requirements of the FTCA and/or unless he is able to plead claims against the named Defendants in their individual capacities.

**IV.   CONCLUSION**

For the reasons stated, the Court finds that Plaintiff's Application under 8 U.S.C. § 1447(b) is **denied**; and that Plaintiff's Complaint is **dismissed**.  An appropriate Order accompanies this Opinion.

        S/Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:         December 19th , 2008
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File